IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ZACHARY PAUL FRIESEN, Defendant. | 4:16CR3131 **ORDER** |
| UNITED STATES OF AMERICA, Plaintiff, vs. MARSHAL MARSHALL, Defendant. | 4:18CR3013 **ORDER** |

On April 27, 2018, the government filed a notice stating Carlos Monzon has a conflict of interest in the above-captioned actions. (US v. Marshall, 4:18CR3013, Filing No. 38). Mr. Monzon disagrees, and further states that assuming a conflict exists, both defendants have signed a written waiver of that conflict. For the reasons explained below and during the three hearings held on this issue, I conclude Monzon has an actual or serious potential conflict that cannot be waived. He is disqualified from representing the defendants.

## STANDARD OF REVIEW

The Supreme Court in Wheat v. United States, thoroughly weighed two competing Sixth Amendment rights: (1) the "qualified right to be represented by counsel of one's choice;" and (2) the "right to a defense conducted by an attorney who is free of conflicts of interest." 486 U.S. 153, 159 (1988). The Court determined that "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Id. at 157.

Thus, when evaluating a potential conflict of interest, the court should thoughtfully consider the competing constitutional interests and only disqualify a defendant's chosen counsel in the face of a serious conflict. United States v. Izydore, 167 F.3d 213, 221 (5th Cir.1999) ("defendant's waiver does not necessarily preclude a district court from rejecting a defendant's counsel of choice when the overall circumstances of a case suggest a conflict of interest may develop"). The court's reasoning must show, on its face, that the trial court weighed these considerations on a "fully prepared record." United States v. McDade, 404 F. App'x 681, 683 (3d Cir. 2010).

## ANALYSIS

To develop the record on the conflict issue, the court appointed Peder Bartling to independently investigate the potential conflict and report his findings to the court. Bartling reviewed the government's documentary evidence and interviewed counsel and the witnesses, thereafter filing two reports summarizing his findings. The first report was filed just prior to the August 22, 2018 hearing, with the addendum report drafted after Zachary Paul Friesen ("Friesen") provided a

proffer interview regarding the allegations against Marshal Marshall ("Marshall"). (Filing Nos. 66 and 73). Both reports were provided to counsel for the government and to Monzon (after first being reviewed by the undersigned magistrate judge to assure no privileged or work product information was included).

Monzon began representing Friesen in April of 2017. (US v. Friesen, 4:16CR3131, Filing No. 32). He began representing Marshall in April of 2018. (US v. Marshall, 4:18CR3013, Filing No. 34). Shortly thereafter, the government filed its notice of conflict. (US v. Marshall, 4:18CR3013, Filing No. 38). When Monzon agreed to represent Marshall, there was no reason to believe a conflict did or would exist. The conflict in this case did not arise from Defendants' alleged mutual involvement in the same charged crimes, but rather their interactions after meeting each other while detained at the Saline County Jail.

Based on the evidence of record, Marshall frequently used Friesen's jail phone instead of his own to evade having his jail calls monitored and their content reviewed by law enforcement. Friesen lent his phone to Marshall several times, and he was able to hear Marshall's side of many of those conversations. The government states Marshall made incriminatory statements during numerous monitored jail calls.

Friesen has pleaded guilty and awaits sentencing. Under the terms of his plea agreement, Friesen may be entitled to a sentence reduction for providing truthful testimony against Marshall. Marshall is still awaiting trial, and the government intends to call Friesen as a witness against Marshall at that trial. The government states Friesen's testimony can provide: 1) foundation to admit the content of Marshall's calls made with Friesen's phone; 2) direct and circumstantial evidence that Marshall knew the conduct he was describing during the calls was

3

unlawful; and 3) to the extent Friesen was present and can recall, the actual content of Marshall's incriminating statements during the jail calls.

Monzon claims the government's intended use of Friesen as a trial witness is insufficient to create a conflict because Friesen's testimony will be inadmissible at trial, and even if admissible, it is cumulative and unnecessary. Monzon asks the court to review the content of the jail calls, decide if the information will be admissible at trial, and only then decide if an actual conflict exists. The undersigned magistrate judge rejected this suggestion, concluding that doing so was unnecessary to decide the conflict issue. A court need not review all the evidence and envision how the entire trial will unfold, including what evidentiary objections will be raised and sustained, before deciding if an actual conflict exists. McDade, 404 F. App'x at 683 (finding it was unnecessary for the trial court to determine the exact scope and likelihood of any conflict of interest caused by the government witness's testimony so long as the court made a reasoned determination that the conflict was serious).

The presumption that a criminal defendant is entitled to his or her counsel of choice may be overcome not only by a demonstration of actual conflict but "by a showing of a serious potential for conflict. United States v. Basham, 561 F.3d 302, 323 (4th Cir.2009) (citing Wheat, 486 U.S. at 164) (emphasis in original). Representing a government witness who will potentially testify against another client presents an actual or at the very least, a serious potential for, conflict. McDade, 404 F. App'x at 683 (determining that district court did not abuse its discretion in disqualifying an attorney who previously represented one of the government's potential witnesses); United States v. Sanchez Guerrero, 546 F.3d 328, 334 (5th Cir. 2008) ("[r]epresentation of a government witness, testifying in

4

exchange for a reduction in sentence, while also representing the defendant he is testifying against raises serious conflicts of interest").

The undersigned magistrate judge has weighed the competing interests in the defendants' right to counsel of their choice, and their right to conflict-free representation. Here, Friesen will be called by the government as a witness against Marshall. If Monzon represents both Friesen and Marshall, he cannot encourage Friesen to testify against Marshall without prompting a serious risk of harming Marshall at trial; and Monzon cannot discourage Friesen's testimony against Marshall without undermining Friesen's interest in a reduced sentence. Although both Friesen and Marshall have purportedly waived any conflict arising from Monzon's representation, there is an actual or "serious potential for" a conflict of interest in this case. United States v. Basham, supra. Because "the likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict," the district court has substantial latitude in refusing a criminal defendant's conflict waiver where a potential conflict may develop into an actual conflict at trial. [United States v. Gharbi, 510 F.3d 550, 553 (5th Cir. 2007)](#) ([Wheat, 486 U.S. at 160](#)) (emphasis added); see also [United States v. Cain, 671 F.3d 271, 294 (2d Cir. 2012)](#) ("district courts have broad latitude in making a decision whether to disqualify a defendant's chosen counsel") (citation omitted); [Serra v. Michigan Dep't of Corr., 4 F.3d 1348, 1354 (6th Cir. 1993)](#) ("evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court") (citation omitted).

Under the facts presented, the waivers signed by Marshall and Friesen are insufficient and ineffective under the Sixth Amendment. I therefore find Monzon is disqualified from concurrent representation of Friesen and Marshall. And since he has extensively represented both clients already—Friesen to the sentencing stage

and attending his proffer against Marshall, and Marshall to the stage of suggesting that Marshall will enter a guilty plea—Monzon can no longer represent either client.

Accordingly,

IT IS ORDERED:

1) Carlos Monzon is disqualified from representing Zach Friesen and Marshal Marshall in their pending criminal cases before this court.

2) In the interest of assuring each defendant's case is now progressed to resolution, any appeal of this order shall be filed on or before September 26, 2018, in the absence of which, this order of disqualification will be final.

3) On or before September 28, 2018, Defendants Zach Friesen and Marshal Marshall shall notify the court as to whether they request appointed counsel.

4) Carlos Monzon shall promptly provide a copy of this order to both Zachary Paul Friesen and Marshal Marshall.

5) The clerk shall set a case management deadline of September 28, 2018 to confirm Defendants have timely advised the court regarding the issue of counsel.

September 20, 2018.

BY THE COURT:  
*s/ Cheryl R. Zwart*  
United States Magistrate Judge